UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH FRYE                                                              PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:17-CV-295-CRS

PFIZER                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of Pfizer, Inc. ("Pfizer"),[1] to dismiss a two-paragraph filing, presumably intended to be a complaint, by Kenneth Frye, *pro se,* which Pfizer removed from the Jefferson County, Kentucky, Circuit Court. The filing, which contains one or more run-on sentences making reference to, among other things, "the holy ghost," "Rocca," "A 'black colonel' malpractice," "deception by theft to support some lazy, jezebel, sillyass women," "evil, satanic, demon rum alcoholic," and various medications, is wholly incomprehensible. He uses the words "malpractice" and "discrimination," but references no facts, nor does he make any comprehensible statement utilizing these terms. The second page is hand-captioned "Kenneth Frye vs Pfizer," and states: Love of Money Evil Malpractice Thyroid Surgery 7,000,000,000 235 East 42nd Street NY NY 10017 Jehovah Jesus Holy Ghost Amen." DN 1-1. Pfizer moves for dismissal for failure of this paper to state a claim upon which relief can be granted. It also seeks to strike the plaintiff's pleading from the record pursuant to Fed.R.Civ.P.

---

[1] Pfizer, Inc. notes that it has been improperly identified in the plaintiff's papers as "Pfizer" and "Pfizer Pharmaceutical."

12(f) on the ground that it contains immaterial and impertinent content. Frye has not filed a response to the motion.

In considering a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" *id.*, and determine whether the complaint "states a plausible claim for relief[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must establish his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint fails to meet this standard if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678, 679. Instead, the allegations must "show[ ] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Even construing Frye's *pro se* pleading liberally, as we must, the complaint fails to state any discernable cause of action. The paper contains words on a page, without organization, context, or sentence structure. We note that Frye apparently seeks to sue Pfizer, as this is the entity named in the caption and served by mail. However, there is not a single reference to Pfizer in the body of the document. The motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cognizable claim for relief will be granted.

Frye's filings are in all capital letters, rife with exclamation points and angry references to "root of evil," "satanic," "demon rum alcoholic," and "bigot," to name a few. This pleading very clearly falls within the purview of Fed.R.Civ.P. 12(f) and should be stricken as immaterial and impertinent, as requested by Pfizer.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED**.

June 16, 2017

**Charles R. Simpson III, Senior Judge
United States District Court**